Not for Publication

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **JUAN MANUEL E.G.,**<br><br>Petitioner,<br><br>v.<br><br>**RONALD P. EDWARDS,** *et al*<br><br>Respondents. | **Civil Action No. 20-2715 (ES)**<br><br>**OPINION** |

**SALAS, DISTRICT JUDGE**

Before the Court is petitioner Juan Manual E. G.'s ("Petitioner") motion for reconsideration of the Court's prior Order denying Petitioner's emergency motion to expedite his habeas corpus proceedings and to immediately release him from custody. (D.E. No. 6). The Court has reviewed Petitioner's submissions and decides this matter without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the reasons that follow, Petitioner's motion for reconsideration is DENIED.

**I.    Background**

Petitioner is a native and citizen of El Salvador. (D.E. No. 1-1 at 1). In December 2014, after being removed from the United States, he entered the United States without authorization. (D.E. No. 1-3 at 1). On September 14, 2018, Petitioner pleaded guilty to driving under the influence, leaving the scene of an accident, and driving without a license. (D.E. No. 1 ("Petition" or "Pet.") ¶ 28). On the same day, he was detained by U.S. Immigration and Customs Enforcement ("ICE") and has since remained in immigration detention. (*Id.*). Petitioner had his first bond hearing on November 21, 2018, pursuant to 8 U.S.C. § 1226 (a). (*Id.* ¶ 4). An

Immigration Judge ("IJ") denied his request for release on bond, and the Board of Immigration Appeal ("BIA") affirmed.  (*Id.*).

Subsequently, on October 28, 2019, the same IJ denied Petitioner's application for withholding of removal and deferral under the United Nation Convention Against Torture ("CAT").  (*Id.* ¶ 5).  Petitioner appealed the IJ's decision on his CAT claims to the BIA, where the appeal remains pending.  (*Id.*).  On February 18, 2020, after being in custody under 8 U.S.C. § 1231(a) for more than six months, Petitioner had a second bond hearing pursuant to *Guerrero-Sanchez v. Warden York County Prison*, 905 F.3d 208 (3d Cir. 2018).  (*Id.* ¶ 7).  Two days later, his request to be released on bond was again denied.  (*Id.*; D.E. No. 1-3).

On March 12, 2020, while being detained at the Hudson County Correctional Facility in New Jersey, Petitioner filed a petition with this Court for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his prolonged detention under 8 U.S.C. § 1231 and the adequacy of his bond hearing pursuant to *Guerrero-Sanchez*.  (Pet. at 15 (ECF Pagination)).  Shortly thereafter, on March 20, 2020, the Court entered an Order to Answer, allowing respondents Ronald P. Edwards, Thomas Decker, Chad Wolf, and William Barr (collectively, "Respondents") 45 days to answer the Petition.  (D.E. No. 3).  Respondents' answer is due on May 5, 2020.  (*Id.*).

It appears that, immediately after filing the Petition, Petitioner was transferred to the Buffalo Federal Detention Facility ("BFDF") in New York.  (D.E. No. 4 ("Motion to Expedite and Release" or "Mot. to Release") at 1).  On April 11, 2020, Petitioner filed a "motion to expedite habeas corpus proceedings and request for immediate release from custody."  (Mot. to Release).  The next day, the Court denied the Motion to Expedite and Release primarily because "[t]he exact basis for Petitioner's request pending before this Court is unclear, other than that it is sought in light of the COVID-19 outbreak."  (D.E. No. 5 ¶ 5).  Specifically, the Court held that

Petitioner failed to substantiate his request for immediate release because: i) he did not identify any medical condition which would put him at a high risk; ii) he provided no information of the conditions at the detention facilities that he is at or allegedly will be transferred to, other than that there were confirmed cases of COVID-19 in both facilities; and iii) his argument that ICE facilities generally exposed detainees to a risk of contracting COVID-19 was not particularized to his individual condition. (*Id.*).

On April 25, 2020, Petitioner filed the instant motion ("Motion for Reconsideration"), requesting the Court to reconsider its denial of the Petitioner's Motion to Expedite and Release. (D.E. No. 6).

## II.     Legal Standards

### A.     Motion for Reconsideration

Motions for reconsideration are governed by Federal Rule of Civil Procedure 59(e) and by Local Civil Rule 7.1(i).  *See Martinez v. Robinson*, No. 18-1493, 2019 WL 4918115, at *1 (D.N.J. Oct. 4, 2019). To prevail on a motion for reconsideration, the movant must show that: (i) there has been "an intervening change in the controlling law;" (ii) new evidence is available; or (iii) there is a "need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Moreover, motions for reconsideration "may not be used to relitigate old matters, raise new arguments, or present evidence or allegations that could have been raised prior to entry of the original order." *Martinez*, 2019 WL 4918115, at *1; *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011) (noting that reconsideration may not be "used as an opportunity to relitigate the case"). "Nor is a motion for reconsideration an opportunity to ask the Court to rethink what it has already thought through." *Walsh v. Walsh*, No. 16-4242, 2017 WL 3671306, at *1 (D.N.J. Aug. 25, 2017), *aff'd*, 763 F.

App'x 243 (3d Cir. 2019). Instead, the movant "must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *Schechter v. Hyundai Motor Am.*, No. 18-13634, 2020 WL 1528038, at *18 (D.N.J. Mar. 31, 2020) (quoting *G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990)). Indeed, "the rule permits a reconsideration only when "dispositive factual matter or controlling decisions of law were presented to the court but were overlooked." *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002). Finally, reconsideration of a decision is an "extraordinary remedy," which should be granted "very sparingly." *Martinez*, 2019 WL 4918115, at *1; *Resorts Int'l v. Greate Bay Hotel & Casino*, 830 F. Supp. 826, 831 (D.N.J. 1992) (explaining that motions for reconsideration are considered "extremely limited procedural vehicles").

In considering evidence presented to support a motion for reconsideration, courts should, "[a]bsent unusual circumstances . . . reject new evidence which was not presented when the court made the contested decision." *Waller v. Foulke Mgmt. Corp.*, No. 10-6342, 2012 WL 924865, at *1 (D.N.J. Mar. 19, 2012). Rather, on such a motion, the moving party may present only evidence that it "could not earlier submit to the court because that evidence was not previously available." *Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 252 (3d Cir. 2010). Thus, where the moving party submits an affidavit supporting its motion for reconsideration, courts may properly disregard the affidavit where it "contain[s] evidence that was available prior to the [contested decision]." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985).

### B. Temporary Restraining Order

Requests for preliminary injunctions and temporary restraining orders are governed by

Federal Rule of Civil Procedure 65 and Local Civil Rule 65.1.   Injunctive relief is generally "an extraordinary remedy" and "should be granted only in limited circumstances."   *Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1426-27 (3d Cir. 1994) (internal quotation marks omitted); *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004). To obtain a temporary restraining order, the moving party must show: "(l) a likelihood of success on the merits; (2) that [he] will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief."   *Kos Pharm., Inc.*, 369 F.3d at 708.   Moreover, because Petitioner's request for a preliminary injunction would alter the status quo *pendent lite* until a decision on merits can be reached, Petitioner's burden to show that he will suffer an immediate irreparable injury is particularly high.   *See Acierno v. New Castle Cty.*, 40 F.3d 645, 647, 653 (3d Cir. 1994); *see also Sandhills Glob., Inc. v. Garafola*, No. 19-20669, 2020 WL 1821422, at *13 (D.N.J. Apr. 10, 2020).

The movant must, as a threshold matter, establish the two "most critical" factors: likelihood of success on the merits and irreparable harm.   *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017).   Under the first factor, the movant must show that "it can win on the merits."   *Id.* This showing must be "significantly better than negligible but not necessarily more likely than not."   *Id.*   The second factor carries a slightly enhanced burden: the movant must establish it is "more likely than not" to suffer irreparable harm absent the requested relief.   *Id.*   If these "gateway factors" are satisfied, the court then considers the third and fourth factors, which aim to balance the equities by examining the potential for harm to others if relief is granted and whether the public interest favors injunctive relief.   *Id.* at 176 & 179.   The court must then balance all four factors to determine, in its discretion, whether the circumstances warrant injunctive relief.

*Id.* at 179.

**III.    Analysis**

    **A.    Procedural Deficiencies**

At the outset, the Court notes that Petitioner's request for immediate release due to the COVID-19 pandemic is problematic for several reasons. First, Petitioner is currently detained at BFDF, and the Warden of that facility is not a party to this action or within the jurisdiction of this Court. *See Yi v. Maugans*, 24 F.3d 500, 507 (3d Cir. 1994) ("It is the warden of the prison or the facility where the detainee is held that is considered the custodian for purposes of a habeas action.").

Second, as the Court noted in its order denying Motion to Expedite and Release, it is unclear under what procedural vehicle the Motion to Expedite and Release was filed. While the Motion to Expedite and Release was purportedly brought under the Court's "board, equitable powers" and pursuant to Local Civil Rule 65.1(d), Petitioner fails to comply with requirements set out by Rule 65.1(d). (D.E. No. 5 at 1 n.1). More importantly, the Motion to Expedite and Release discussed only the first factor of the four-factor test for granting a temporary restraining order—namely, whether the Petitioner has a likelihood of success on the merits. (Mot. to Release at 10–14). Even for this element, Petitioner discussed his likelihood of success on the merits of the prolonged detention claim under § 1231 and the constitutional challenge to the bond hearing that was held on February 18, 2020. (*Id.*). The relief sought by Petitioner, if he succeeds on the claims asserted in his Petition, is a constitutionally adequate bond hearing, not outright release. (*See* Pet. at 15 (ECF Pagination)). And though the Motion to Expedite and Release alludes to claims based on the COVID-19 pandemic, Petitioner fails to discuss his likelihood of success on the merits of those claims, which in any event, are not properly asserted in the underlying Petition.

(*See* Mot. to Release at 10–14).

In spite of the serious procedural deficiencies, the Court will nonetheless analyze Petitioner's claims on the merits.

## B. Motion for Reconsideration

The Court finds that Petitioner fails to meet the exacting standard required to grant a motion for reconsideration. Plaintiff does not assert an intervening change in the controlling law, or that reconsideration is necessary to correct a clear error of law or prevent manifest injustice. (*See* D.E. No. 6-1 ("Recons. Br.") at 5–9). Instead, Petitioner asserts that the declarations submitted with his Motion for Reconsideration "provide the 'particularized' evidence [ ] that the Court held was missing from Petitioner's prior Motion." (*Id.* at 2). However, with the exception of the fact that the number of confirmed COVID-19 cases at the BFDF increased from seven to forty-nine after the Motion to Expedite and Release was filed, nothing in the declaration the Motion for Reconsideration suggests that the evidence regarding the conditions at the BFDF was previously unavailable. (*See* Recons. Br.; D.E. Nos. 6-3 to 6-6). For example, Petitioner's declaration includes information regarding how space and facilities are shared in his block, as well as information on supplies and medical services provided to the detainees. (D.E. No. 6-3, Ex. A ¶¶ 2–5). Nothing in Petitioner's declaration suggests that the arrangements in the BFDF has changed since he filed the Motion to Expedite and Release. Similarly, the declarations from the doctors provide information on COVID-19 in general, as well as the risks associated with COVID-19 in detention facilities, including in the BFDF. (*See* D.E. No. 6-4 ¶¶ 5–42; D.E. No. 6-5 ¶¶ 5–23; D.E. No. 6-6 ¶¶ 13–32). But because Dr. Homer Venters's declaration was executed on March 24, 2020 (D.E. No. 6-5 at 20), and Dr. Dora Schriro's declaration was executed on March 27, 2020 (D.E. No. 6-6 at 11), it is impossible for their declarations to provide new evidence that

became available after Petitioner filed his Motion to Expedite and Release on April 11, 2020. As discussed in more details below, while the Court is alarmed by the fact that the number of confirmed cases of COVID-19 at BDFD increased from seven to forty-nine over the course of a week, that fact alone is insufficient to carry the heavy burden imposed on Petitioner in the motions for reconsideration context. Because Plaintiff fails to establish any clear error of law or fact or manifest injustice, his Motion for Reconsideration should be denied on this ground alone. *See Martinez*, 2019 WL 4918115, at *1. But even assuming that the declarations and evidence was properly submitted with his Motion to Expedite and Release, Petitioner is nevertheless not entitled to immediate release.

Other than alleging that his conditions of confinement are unconstitutional in light of the COVID-19 pandemic, the legal basis for Petitioner request for immediate release remains unclear. The Court gleans, as best it can, that Petitioner appears to summarily assert that Respondents are deliberately indifferent to Petitioner's medical needs by failing to provide adequate safety measures to prevent the spread of the virus. (*See generally* Mot. to Release at 14–20; Recons. Br. at 9–15) However, Petitioner fails to address, let along satisfy, the requirements under which relief may be granted on a deliberate indifference claim.

To establish a claim for deliberate indifference to medical needs under the Due Process Clause, Petitioner must show that (i) he has a serious medical need; and (ii) that the acts or omissions by BFDF officials were deliberately indifferent to Petitioner's medical need. *See, e.g.*, *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 581–82 (3d Cir. 2003). The Supreme Court has stated that deliberate indifference to a prisoner's medical needs exists only if "the official knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). This standard requires that the officials were "both [ ] aware of facts from

which the inference could be drawn that a substantial risk of serious harm exists and . . . dr[e]w th[at] inference." *Natale*, 318 F.3d at 582 (first bracket and ellipsis in original).

Here, Petitioner does not argue that he suffers from any underlying health conditions. In fact, Petitioner repeatedly admits that he is young and healthy. (*See* Recons. Br. at 3 & 5–6). Nevertheless, relying on declaration from Dr. Shin and arguing for the first time during his Motion for Reconsideration, Petitioner contends that "[e]ven healthy, younger patients, like [Petitioner], are still at risk of developing severe infections resulting in organ failure and even death." (*Id.* at 5 (quoting D.E. No. 6-4 ¶ 39)). Petitioner further argues that he, a 34-year-old man, falls into "the second largest age group of infected individuals," which is the 18–44 age group. (*Id.* at 6). Moreover, instead of arguing that Respondents were aware of his individual medical needs and risks, Petitioner argues only that "Respondents were and are aware of the risk that the virus would, and has, spread in facilities that hold immigrant detainees." (*Id.* at 19).

The Court finds that Petitioner falls woefully short of showing that he has a "serious medical need" that causes "excessive risk to [Petitioner's] health or safety." *See Natale*, 318 F.3d at 581–82; *Farmer*, 511 U.S. at 837. For the same reason, the Court finds that Petitioner fails to demonstrate that Respondents knew of "a substantial risk of serious harm exists" but was deliberately indifferent to it. *See Natale*, 318 F.3d at 582. While the Court acknowledges the severity of the COVID-19 outbreak and the special challenge the detention facilities face, a widespread health risk, without more, is not sufficient to grant Petitioner's request for immediate release. *See United States v. Roeder*, No. 20-1682, 2020 WL 154572, at *3 n.16 (3d Cir. Apr. 1, 2020) ("[T]he existence of some health risk to every federal prisoner as the result of this global pandemic does not, without more, provide the sole basis for granting release to each and every prisoner within out Circuit."). Because the Court finds that Petitioner has failed to meet his

burden with respect to the likelihood of success on the merits, the Court need not address the remaining factors, which Petitioner does not address in the first place.  *Reilly*, 858 F.3d at 176 & 179.

To be clear, the Court does not opine on the claims asserted in the Petition, which challenges Petitioner's prolonged detention under 8 U.S.C. § 1231 and the adequacy of his February 18, 2020 bond hearing.  The Petition is still pending before the Court, to which Respondents' answer is due on May 5, 2020.  (D.E. No. 3).  Because the answer is due in less than a week from the issuance of this Opinion, the Court will not expedite the briefing scheduling.

### IV. Conclusion

For the reasons discussed above, Petitioner's Motion for Reconsideration is DENIED.[1] An appropriate Order follows.

*s/Esther Salas*<br>
**Esther Salas, U.S.D.J.**

---

[1] Nothing in this Opinion should be construed as precluding Petitioner from filing a § 2241 petition challenging his conditions of confinement and/or denial of medical care in light of the COVID-19 pandemic in his district of confinement, the United States District Court for the Western District of New York.